Commonwealth of Pennsylvania, Department of Environmental Resources *v.* Joseph C. Delenick, d/b/a St. Clair Sanitary Landfill, Appellant.

Submitted on briefs March 3, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Lester Krasno,* for apellant.

*Robert J. Shusterman,* Assistant Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, May 21, 1976:

This appeal is from an order from the Environmental Hearing Board (EHB) affirming an order of the Department of Environmental Resources (DER) requiring Joseph C. Delenick, doing business as St. Clair Sanitary Landfill, (appellant), to cease operation of his landfill and follow certain termination procedures for want of having a landfill permit.

The facts of this case may be summarily recited. Appellant has operated the landfill in question since approximately 1960. Appellant does not have, nor has he ever had, a permit to operate said landfill as required by Section 7(a) of the Pennsylvania Solid Waste Management Act[1] (Act). At the hearing before the EHB on his appeal from the DER order, appellant testified that he applied for a permit in August of 1974, and that the application was not approved by DER because it was not complete and in conformity with its regulations. Appellant made no further submissions or application to DER and thereafter, on February 28, 1975, DER ordered appellant to cease operations.

In his appeal to EHB, appellant offered no evidence whatsoever that the permit requirements of the Act are unduly oppressive or burdensome, nor did he offer any evidence that the operative provisions of the Act con-

---

1. Act of July 31, 1968, P. L. 788, *as amended,* 35 P. S. §6007(a).

stituted an unreasonable exercise of the police power on its face or as applied to him.

Notwithstanding the want of such critical evidence to support the heavy burden of proof required of one who challenges the constitutionality of a statute,[2] appellant would now have us declare that the EHB erred in sustaining the DER order because it did not make "any findings as to the factual basis behind the absence of a permit so as to divest Appellant of his property rights".

Assuming appellant means that to find constitutional validity to the permit requirement of a statute adopted under the police power one has a right to operate without a permit absent proof of a violation of the substantive provisions of the statute, appellant's argument is void of any supporting authority and specious. Given a statute enacted pursuant to the police power, into which category the act in question clearly fits, one's property rights are subordinated to its proper and lawful exercise. *White's Appeal*, 287 Pa. 259, 134 A. 409 (1926) ; *Shomo, supra* note 2.

Appellant cites *Commonwealth v. Harmar Coal Company*, 452 Pa. 77, 306 A.2d 308 (1973) as setting forth the standards to be applied in this case. *Harmar* does indeed speak to the standards to be applied in determing whether the government has lawfully exercised the police power, but nothing said in that decision supports appellant here. To the contrary, if this appeal is meant to

---

2. One who challenges the constitutionality of acts of the General Assembly is faced with their presumptive constitutionality, *Daly v. Hemphill*, 41 Pa. 263, 191 A.2d 835 (1963) ; *Hetherington v. McHale*, 10 Pa. Commonwealth Ct. 501, 311 A.2d 162 (1793) ; all doubt must be resolved in favor of sustaining legislation, *Milk Control Commission v. Battista*, 413 Pa. 652, 198 A.2d 840 (1964) ; *Commonwealth v. Staley*, 21 Pa. Commonwealth Ct. 193, 344 A.2d 748 (1975) ; and it is a heavy burden on those who would make such challenge, *Philadelphia v. Depuy*, 431 Pa. 276, 244 A.2d 741 (1968) ; *Shomo v. Derry Borough*, 5 Pa. Commonwealth Ct. 216, 289 A.2d 513 (1972).

580

constitute a facial attack upon the constitutionality of this Act as an unreasonable exercise of the police power, *Harmar* lends support to its constitutionality rather than to its facial unconstitutionality.

ORDER

Now, May 21, 1976, the order of the Environmental Hearing Board is hereby affirmed.