Pennsylvania Association of Life Underwriters et al., Plaintiffs *v.* Commonwealth of Pennsylvania, Department of Insurance, William J. Sheppard, Insurance Commissioner, Defendant.

Argued December 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert J. Demer*, with him *Thomas R. Balaban, William R. Balaban*, and *Shaffer, Calkins & Balaban*, for plaintiffs.

*John H. Isom*, Assistant Attorney General, with him *Guy J. DePasquale*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for defendant.

OPINION BY JUDGE BLATT, April 1, 1977:

The Pennsylvania Insurance Commissioner promulgated certain regulations, entitled Disclosures in Solicitations of Life Insurance, found at 31 Pa. Code §83, and stated as authority for such regulations The Insurance Unfair Practices Act.[1] The Pennsylvania Association of Life Underwriters and certain individuals (plaintiffs) filed a complaint in equity within our original jurisdiction which challenged the Commissioner's authority to promulgate these regulations and which sought to permanently restrain the Commissioner from enforcing them. Because there are no issues of material fact to be resolved, the plaintiffs have moved for judgment on the pleadings and, we, therefore, are concerned here with the legal issue of whether or not the Commissioner had authority to promulgate these regulations.

---

[1] The Act of June 5, 1947, P.L. 445, 40 P.S. §1151 et seq. This Act was repealed by the Unfair Insurance Practices Act, Act of June 22, 1974, P.L. 589, 40 P.S. §1171.1 et seq., which has substantially the same declaration of purpose as the former Act.

Initially, we note that

[t]he authority of a public administrative agency ordinarily includes the power to make or adopt rules and regulations with respect to matters within the province of such agency, provided such rules and regulations are not inconsistent with law. In exercising its power, an administrative body may adopt or make only such rules and regulations as are necessary and reasonable, and it may not act arbitrarily. While an administrative agency ordinarily may adopt and follow a regulatory policy with respect to matters within its administrative discretion, the exercise of such discretion is not without some limitation, and no declared regulatory policy of an administrative policy [sic] may preclude the future exercise of its functions as an administrative agency of the Legislature.

The exercise by an administrative agency of its rule-making function is subject to limitations arising from the fact that its authority is a delegated power. The power of such an agency to prescribe rules and regulations under a statute is only a power to adopt regulations to carry into effect the will of the Legislature as expressed by statute. Administrative agencies are not empowered to make rules and regulations which are violative of or exceed the powers given them by the statutes and the law, but must keep within the bounds of their statutory authority in the promulgation of general rules and orders.

1 Pennsylvania Law Encyclopedia, *Administrative Law and Procedure,* Chp. 2, §32 at 281-282.

It is clear that there are two types of administrative rule-making power; legislative and interpretative.

*Uniontown Area School District v. Pennsylvania Human Relations Commission,* 455 Pa. 52, 313 A.2d 156 (1973).

A legislative rule is the product of an exercise of legislative power by an administrative agency, pursuant to a grant of legislative power by the legislative body. In the clearest case of a legislative rule, a statute has conferred power upon the agency to issue the rule and the statute provides that the rule, if within the granted power, shall have the force of law. *But a legislative rule may rest upon an applied or an unclear grant of power as well as upon an express and clear grant of power.* When a rule is legislative, the reviewing court has no authority to substitute judgment as to the content of the rule, for the legislative body has placed the power in the agency and not in the court. A legislative rule is valid and is as binding upon a court as a statute if it is (a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable.

. . . .

An interpretative rule may or may not have force of law, depending upon such factors as (a) whether the court agrees or disagrees with the rule, (b) the extent to which the subject matter is within special administrative competence and beyond general judicial competence, (c) whether the rule is a contemporaneous construction of the statute by those who are assigned the task of implementing and enforcing the statute, (d) whether the rule is one of long standing, and (e) whether the statute has been reenacted by legislators who know of the contents of the rule.

> *Interpretative rules sometimes rest upon statutory authorization to issue them but more commonly merely grow out of other tasks assigned to the agency.* (Emphasis added.)

1 K. C. Davis, *Administrative Law Treatise*, §5.03 at 299-300.

*Accord, Uniontown Area School District, supra.* The validity of an interpretative rule[2] does not rest "upon a *law*-making grant of power, but rather upon the willingness of a reviewing court to say that it in fact tracks the meaning of the statute it interprets." *Uniontown Area School District, supra,* 455 Pa. at 77, 313 A.2d at 169. (Emphasis in original.)

The declared purpose of the Unfair Insurance Practices Act[3] (Act)

> is to regulate trade practices in the business of insurance in accordance with the intent of congress as expressed in the act of Congress of March 9, 1945 (Public Law 15, 79th Congress), by defining or providing for the determination of all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

Section 2 of the Act, 40 P.S. §1171.2.

Section 4 of the Act, 40 P.S. §1171.4, provides as follows:

> No person shall engage in this state in any trade practice which is defined or determined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance pursuant to this act.

Section 5 of the Act, 40 P.S. §1171.5, defines unfair methods of competition and unfair or deceptive prac-

---

[2] The terms "rule" and "regulation" are interchangeable. 1 K. C. Davis, *Administrative Law Treatise*, §5.01 at 285.

[3] Act of July 22, 1974, P.L. 589.

tices in the business of insurance. The Act further provides that the Commissioner, in his discretion, "may examine and investigate the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any . . . practice prohibited by this act," Section 7 of the Act, 40 P.S. §1171.7, and that he may administratively prosecute such violations, Section 8 of the Act, 40 P.S. §1171.8, and enforce penalties upon such violators. Sections 9 through 13 of the Act, 40 P.S. §§1171.9-.13.

The declared purpose of the regulations here concerned

is to protect the purchaser from misrepresentation, unfair comparison and deceptive and misleading sales methods in the solicitation of life insurance by setting standards for disclosure of minimal information pertinent to a life insurance contract.

31 Pa. Code §83.1(a).

We believe that the Commissioner here has implied authority to promulgate the regulations here involved, which authority is derived from his statutory power and duty to enforce the Act by investigating, prosecuting and penalizing violations thereof. *See Uniontown Area School District, supra,* 455 Pa. at 78, 313 A.2d at 170 ("statutory provisions . . . evidence to us a legislative intent to empower the Commission to do a good deal more than merely interpret the Act"); *Volunteer Firemen's Relief Association v. Minehart,* 425 Pa. 82, 89, 227 A.2d 632, 635 (1967) ("we concede the authority of the Auditor General to make regulations in connection with his statutorily imposed duties"); *Newport Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 317, 332 A.2d 568 (1974) (Secretary of PennDOT may validly promulgate regulation in order

to exercise statutorily granted discretion);[4] 1 K.C. Davis, *Administrative Law Treatise*, §6.03 at 300.

That the regulations here concerned are reasonable and track the statute is clearly indicated by comparing the Act with the regulations.[5] For example, Section 5(a) of the Act, 40 P.S. §1171.5(a), provides that unfair methods of competition and unfair and deceptive acts or practices include, among others:

1. Misrepresenting the benefits, advantages, conditions or terms of any insurance policy;

2. Misrepresenting the amount of dividends to be paid on any insurance policy;

3. Using the name or title of any insurance policy so as to misrepresent the true nature thereof.

The Commissioner's regulations provide, in part, that a written disclosure statement must be given to a prospective purchaser "no later than the time that the application form is signed by the applicant," 1 Pa. Code §83.4, and that the statement shall disclose, among other information, the name and address of the insurer, the amount of coverage and benefits offered, and the premimum to be paid and the dividends, if

---

[4] Although the administrative agencies in the cited cases could point to statutory language which expressly provided that rules could be promulgated, we believe that the language contained in these cases supports the proposition that an agency's rule-making authority may grow out of a statutory assignment to it of tasks to be performed, including the exercise of discretion.

[5] The plaintiffs have challenged the underlying authority of the Commissioner to promulgate these regulations and have not challenged any individual regulation, or part thereof, as being improper. We, therefore, will not examine all of the regulations in detail in this opinion. We must note, however, that our initial review of all of the regulations has not revealed any legal infirmities therein. We also note that the issue of whether or not these regulations are legislative or interpretative is not now before this Court.

any, to be received. 1 Pa. Code §83.3.[6] Other comparisons are equally persuasive.

We believe that the Insurance Commissioner has been authorized by the Unfair Insurance Practices Act to promulgate the regulations here involved and we, therefore, deny the plaintiff's motion for judgment on the pleadings and dismiss the complaint.

### Order

And Now, this 1st day of April, 1977, the plaintiffs' motion for judgment on the pleadings is denied and the complaint is dismissed.

---

[6] An acceptable two-page disclosure statement form appears in Appendix A to the regulations.