Commonwealth of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Morgan's Wonder Boy Restaurant and Ruth S. Moskal, Respondents.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*Sandra S. Christianson,* Assistant Attorney General, for petitioner.

*John F. Will, Jr.,* with him *Will & Keisling,* for respondent.

OPINION BY JUDGE MACPHAIL, October 24, 1978:

This is a petition for review filed by the Commonwealth of Pennsylvania, Department of Labor and Industry (Department), from the decision of the Workmen's Compensation Appeal Board (Board), dated August 11, 1977. The Board affirmed the referee's determination dismissing what the referee termed as the Department's "complaint," but which the record shows was a "Notice of Hearing," against the Home Insurance Company (Home).

The Notice of Hearing, dated September 27, 1976, and received by Home on September 28, 1976, notified Home that a hearing had been scheduled for October 22, 1976, for the purpose of considering whether Home failed to comply with Sections 401.1, 406.1 and 413, The Pennsylvania Workmen's Compensation Act (Act), Act of June 2; 1915, P.L. 736, *as amended,* 77 P.S. §§710, 717.1 and 774, and "rule 121.17 promulgated pursuant thereto," (34 Pa. Code §121.17), in ter-

minating compensation payments to Ruth S. Moskal.[1] The hearing was held as scheduled on October 22, 1976. On December 28, 1976, Home filed a motion for Dismissal of the Complaint of Non-Compliance with the referee, predicated upon the Department's failure to comply with the mandatory time requirements of the regulation set forth in 34 P.S. Code §121.27(d). In a decision dated February 22, 1977, the referee determined that the Department had not complied with the regulation and ordered that the complaint, *i.e.*, the Notice of Hearing should be dismissed. The Board affirmed the referee's decision and the Department brought the instant appeal.

We perceive that the narrow issue of law to be determined by the petition now before us is whether the time requirements set forth in Section 121.27(d) of regulations adopted by the Department on April 25, 1975, are binding upon the Department when it undertakes proceedings against an employer for alleged non-compliance with Sections 401.1 406.1 and 413 of the Act. We hold that they are.

Section 401.1 is not relevant to our disposition of the issue. Section 406.1 simply provides, *inter alia*, that payments of compensation may not be terminated without compliance with Section 413. Section 413 provides, *inter alia*, that if an employer terminates compensation payments without an agreement, a final receipt or the filing of a petition, the employer "shall be subject to penalty as provided in Section 435." Subsection (a) of Section 435 authorizes the Department to establish and promulgate rules and regula-

---

[1] While the record in this case is sketchy, it appears that Ruth Moskal was injured while at work in September or October of 1971, and that Home terminated compensation payments to her on November 1, 1973, based upon a report of a physician stating she was released for work as of that date. However, Home did not file a petition to terminate until July 30, 1974.

tions which would insure full compliance by the employer with the Act and which would explain and enforce its provisions. Subsection (b) authorizes the Department to "give notice" to persons who are not complying with the Act. Subsection (c) authorizes the Board to establish rules of procedure to assure expeditious determination of matters brought before it. Subsection (d) states that employers and insurers may be penalized for failure to comply with the Act. Subsection (e) is not relevant here.

Section 435 caused this Court some concern in *Crangi Distributing Co. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 530, 333 A. 2d 207 (1975). The Court observed:

> [Subsection (b) is] not entirely coherent. Subsection (b) provides plainly enough that the department may on its own motion after notice determine whether there has been compliance with the Act or rules and regulations of the department promulgated thereunder. It fails, however, to suggest what the department may or should do if it determines that there has been a violation of the Act or its rules and regulations. . . .

*Id.* at 534, 333 A.2d at 209.

The case was decided March 5, 1975. As we have noted, the Department adopted Regulation 121.27 on April 25, 1975. It seems fair to assume that the regulation was adopted to satisfy the Court's questions raised in the *Crangi* case.

It is only Subsections (c) and (d) of the regulation with which we need concern ourselves in the matter now before us. They provide as follows:

> (c) Notice of violation and order. Whenever the Bureau of Occupational Injury and Disease Compensation of the Department of Labor and Industry has information upon which

it believes that a 'pre-petition termination of compensation' due to an employe or to the employe's family has taken place, in violation of section 413(b) of the act (77 P.S. §774.1), the Bureau shall serve upon the insurer an Order to Show Cause why the insurer should not be found in violation of section 413(b) of the act (77 P.S. §774.1). The Order shall set forth the particulars of the alleged violation. A copy of the Order shall be sent to the employe or employe's family.

(d) Contents order. The Order to Show Cause shall set forth a date, time and place for a hearing for the purpose of determining whether the violation as alleged has occurred, and such hearing shall be convened no sooner than ten nor later than 20 days after receipt of the notification by the insurer. The notice shall be served on the insurer by certified mail, return receipt requested, or by personal service. The Order to Show Cause shall be considered an Order under 1 Pa. Code §35.14 (relating to orders to show cause).

It seems plain to us that in the instant case the Department has alleged that the employer has not complied with Section 413. The regulation speaks directly to a violation of Section 413 where a pre-petition termination of compensation has occurred, as alleged here. The Department argues that somehow the rule obviates the substantive provisions of Section 435 and is therefore illegal or in the alternative that the regulation and the provisions of Section 435 are mutually exclusive. We disagree. It seems clear to us that the regulation sets forth the *procedure* to be followed when the substantive provisions of Section 413 and 435 are to be enforced. Therefore, the regulation is a valid exercise of the statutory rule-making

power given to the Department by the Legislature. While Section 435 speaks of a "notice of hearing," and the regulation speaks of an "order to show cause," we see no inconsistency whatsoever. The regulation says that when the Department is of the opinion that a violation of Section 413(b) has occurred, the provisions of the regulation *shall* be followed. Therefore, it cannot be argued successfully that the regulation is exclusive of the statute to the end that the Department may follow either remedy.

We have held that duly authorized and promulgated regulations of an administrative agency have the force of law and are binding on the agency and others. *Newport Homes, Inc. v. Kassab*, 17 Pa. Commonwealth Ct. 317, 332 A.2d 568 (1975).

Since, in the instant case, the Department did not hold a hearing within twenty (20) days after receipt of notification thereof by the insurer as required by the Department's own regulation, we must affirm the Board.

ORDER

AND NOW, this 24th day of October, 1978, the order of the Workmen's Compensation Appeal Board, dated August 11, 1977, is affirmed.