## Franklin Township v. Goetz

*Kenneth L. Rotz,* for plaintiff.
*Daniel F. Wolfson,* for defendant.

SPICER, *P. J.,* September 20, 1982 — Plaintiff, a second class township in Adams County, Pennsylvania, seeks to enjoin defendants from dumping sol-

id waste without a permit. It has been stipulated that this Court has jurisdiction to grant the relief requested under provisions of The Solid Waste Management Act (1980). 35 P.S. §6018.101 et seq. (hereinafter called The Act). Plaintiff moves for summary judgment on stipulated facts.

Defendants concede they have been dumping material defined as solid waste in regulations promulgated under authority of The Act which appear at 26 Pa. Code §75.1 et seq. They also concede they have been doing so without benefit of a permit. However, they contend this action should be dismissed for reasons we will discuss.

Following argument, this court directed that notice of defendants' constitutional challenge be given to the attorney general. He has now intervened and filed a brief in which he suggests that defendants lack standing to attack the constitutionality of the legislative definition of public nuisance.

This assertion rests upon an amended request by the township, conveyed by letter, for relief limited to enjoining defendants from dumping without a permit. There is no suggestion, at this point, that defendants will not be granted a permit.

Until further relief is requested, we agree with the attorney general that defendants lack standing. We will discuss the issue, even so, since there is a possibility the township will be seeking expanded relief in the future.

Defendants contend that the depositing of solid waste without a permit does not constitute a public nuisance without a showing of harm or risk thereof to the environment or to public health.

This contention finds no support in the law. The Act provides that any violation of its provisions constitutes a public nuisance. 35 P.S. §6018.601.

Dumping solid waste without a permit is a violation of The Act. Id. §6018.610.

The general law is that failure to obtain a license or permit can make the activity a public nuisance if the statute so provides. 66 C.J.S. Nuisances §9b. It has been said that "[a] thing may be a public nuisance because it is so declared by statute. . ." Com. v. MacDonald, 464 Pa. 435, 458, 347 A.2d 290, 303 (1975). It would appear defendants' activities clearly constitute a public nuisance. See, Com. Department of Environmental Resources v. Delenick, 24 Pa. Commw. 577, 357 A.2d 736 (1976); Com. v. Baker, 71 D. & C. 2d 521 (1974).

Defendants argue that The Act is unconstitutional because it (a) permits the taking of property without due process, (b) is overly broad and vague, and (c) has been discriminatorily or selectively enforced against defendants.

Defendants have not met the heavy burden imposed on them to clearly show The Act to be unconstitutional. There has been no showing that the requirement of a license or permit places an onerous burden on defendants so as to require compensation. All defendants have shown is that a permit is required in order for them to lawfully engage in the regulated conduct. This is not enough. Com. Department of Environmental Resources v. Delenick, supra. See also, Com. v. Harmar Coal Co., 452 Pa. 77, 306 A.2d 308 (1973); Philadelphia Chewing Gum Corp. v. Com. Department of Environmental Resources, 35 Pa. Commw. 443, 387 A.2d 142 (1978).

This statute does not regulate a fundamental right, such as the freedom of speech. Therefore, the argument that The Act fails to give fair notice of the activity it seeks to regulate must be measured against defendants' activities and not against some

hypothetical conduct. Midway Coal Co. v. Com. Department of Environmental Resources, 50 Pa. Commw. 326, 413 A.2d 1139 (1980).

There has been no showing that the regulations adopted pursuant to authority granted in the statute are unreasonable or were adopted improperly. Therefore, the Court will read the statutory definition as though incorporating the regulations. See, Com. Department of Transportation v. Byrd, 41 Pa. Commw. 38, 399 A.2d 425 (1979); Pennsylvania Association of Life Underwriters v. Commonwealth Department of Insurance, 29 Pa. Commw. 459, 371 A.2d 564 (1977).

The act defines solid waste as: "Any waste, including but not limited to municipal, residual or hazardous waste, including solid, liquid, semi-solid or contained gaseous materials." 35 P.S. §6018.103.

This definition is expanded by the regulations as follows: Construction and demolition waste — Waste building materials, dredging materials, grubbing waste, and rubble resulting from construction, remodeling, repair, and demolition operation on houses, commercial buildings, and other structures and pavements. 25 Pa. Code §75.1.

Construction and demolition wastes are classified as follows:

Class I — Waste materials limited to soil, rock, stone, gravel, brick, block, and concrete.

Class II — Waste materials resulting from land clearing, grubbing, and excavations which may include trees, brush, stumps, vegetative material, and Class I wastes.

Class III — Waste materials resulting from the construction or demolition of buildings and other structures which may include, but are not limited to

wood, plaster, metals, asphaltic substances, and Class I and Class II wastes. Id. §75.33(b).*

Defendants concede that material dumped or deposited by them falls within these definitions and classifications. Therefore, they have failed to carry their burden in proving the statute unconstitutional.

There has been no showing that defendants were intentionally singled out from violators. Therefore, they cannot claim discriminatory enforcement. See, Gettysburg Borough v. The Retreat, Inc., 24 Adams Co. L.J.130 (1982).

Defendants' last argument is that the township is barred by laches from proceeding in this case.

The stipulated facts contain not the slightest foundation for a finding of laches. The mere fact that defendants have been engaged in the activities since March of 1978 is not sufficient to show laches. Mere passage of time is not enough. There must be some prejudice which attends. See, Medusa Corporation v. Commonwealth Department of Environmental Resources, 51 Pa. Commw. 520, 415 A.2d 105 (1980).

It has been said:

"Laches arises when a defendant's position or rights are so prejudiced by length of time and inexcusable delay, plus attendant fact and (or. . .) circumstances, that it would be an injustice to permit presently the assertion of a claim against him": Grote Trust, 390 Pa. 261, 269, 270, 135 A.2d 383, 387 (1957).

"Estoppel [by laches] does not depend on time alone but on action and failure to act after knowledge. . .[L]aches is not like limitation, a

---

*Regulations adopted pursuant to the 1968 Act continued in force until repealed or modified. 35 P.S. §6018.1001.

mere matter of time; but principally a question of the inequity of permitting the claim to be enforced — and inequity founded upon some change in the condition or relations of the property or the parties": Galliher v. Cadwell, 145 U.S. 368, 373": Com. ex rel. Margiotti v. Union Traction Co., 327 Pa. 497, 521; 194 A. 661, 673 (1937).

Defendant complains that plaintiff knew of defendant's operation for 13 years past, of objections to it, and of violations in it, and then concludes plaintiff should have brought action before and is now estopped to bring suit. Yet, defendant alleges no change in position or relationship of the property or parties, nor of any prejudice to defendant. On the contrary, conditions not having changed substantially, defendant continued operating, not to his prejudice, but to his advantage. Furthermore, where there exists an alleged violation of the law, or continuing nuisance, the violator — creator of the nuisance does not by the passage of time or failure of the State to exercise its police power thereby acquire a right to continue and estop the State from enforcing the law at any time the illegal action continues. At any rate, all defendant has alleged is mere passage of time, which does not permit the invocation of the doctrine of laches. Com. v. Clearview Land Development Co., Inc. 60 D. & C. 2d 241, 245 C.P. (1972), aff'd, 15 Pa. Commw. 303, 327 A.2d 202 (1974).

For reasons discussed, the attached order is entered.

## ORDER OF COURT

And now, this September 20, 1983 judgment is entered in favor of plaintiff and against defendants. Defendants are enjoined from dumping solid wastes without a permit issued in accordance with The Solid Waste Management Act (1980).