516 A.2d 124

Evergreen Helicopters, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued September 9, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Milton Bernstein,* with him, *James L. Walsh, Melman, Gekas, Nicholas & Lieberman,* for petitioner.

*Robert P. Coyne,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 20, 1986:

In this appeal by a foreign corporation from a denial of a reassessment petition by the Board of Finance and Revenue, the question of law is whether the Department of Revenue must mail a notice of sales and use tax assessment to the address listed on a foreign corporation's registry statement[1] to apprise the corporation of the assessment.

Evergreen Helicopters (Evergreen) is an Oregon corporation which dispatches helicopters, for construction and crop dusting, from an office it maintains in Pennsylvania. Evergreen filed a registry statement with the Pennsylvania Department of State which lists its Oregon headquarters as the place to which our Department of Revenue should direct correspondence. The Department of Revenue sent a notice of assessment of sales and use taxes to Evergreen's Pennsylvania office only. That office forwarded the notice to the corporation's director of taxation in Oregon. Evergreen did not immediately petition for a reassessment, however, because its director of taxation suffered a breakdown and absconded with the department's notice of assessment. When Evergreen finally became aware of the assessment, the prescribed period for filing a petition for reassessment with the Board of Appeals had lapsed.[2] Consequently, the Board of Appeals denied Evergreen's appeal; the Board of Finance and Revenue *affirmed*.

---

[1] A registry statement is a document which a foreign corporation is required to file with the Department of State under section 1004 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended*, 15 P.S. §2004.

[2] Section 232 of the Tax Reform Code of 1971, 72 P.S. §7232, provides that the taxpayer has thirty days after the notice of assessment is mailed in which to file a notice of intention to petition for reassessment with the Department of Revenue.

Evergreen seeks to vacate the Board of Finance and Revenue's order and remand the case for a hearing on the merits of the assessment on the ground of a denial of due process because the department failed to send the notice of assessment directly to Evergreen's Oregon office. We must vacate the order of the Board of Finance and Revenue and remand for a hearing on the merits of the assessment.

By filing a registry statement with the Department of State under section 206(B) of the Business Corporation Law, 15 P.S. §1206(B), Evergreen designated where it wanted notices of tax assessments to be sent. Section 1206(B) states:

The registry statement . . . shall set forth:

. . . .

(2) The post office address to which the corporation desires correspondence to be directed by the Department of Revenue. . . .

The crucial determinant in this case is one of the Department of Revenue's own regulations, in effect when the notice of assessment was served, which required the department to direct such notices, not only to a known business address of the taxpayer in Pennsylvania, but also to such address as Evergreen had designated as one "desired" for notices—as it did in its registry statement. Under the applicable regulation, proper service of notices is stated to be *a prerequisite to the imposition of liability* on the taxpayer. The provisions of the department's regulation governing the service of such notices, 61 Pa. Code §35.1(d)(3),[3] then read:

(3) Service. Service of notice shall conform with the following:

(i) Except as provided in this paragraph, *as a prerequisite to a valid determination of personal*

---

[3] The 1979 version of section 35.1 was amended by 15 Pa. B. 3651 (1985).

*liability,* notice shall be served upon the person assessed by sending a copy of the notice by first-class mail to him at the following places:

(A) At his last known business or home post office address.

(B) *At such address as the person may have designated, in writing, as the address at which he desired notice to be sent.* (Emphasis added.)

The regulation hence requires the department to mail the essential notice to the described "places," signifying by the use of the plural form that the listing is conjunctive and cumulative. Thus, because Evergreen had designated its Oregon headquarters in its registry statement as the address it "desires" to be used for revenue correspondence, the department had to mail notices to that office, as well as to the mailing address in Pennsylvania. The department could have written its own regulation to use the word "or," in order to state the listing disjunctively. It did not. The department could have written the regulation to refer to "either of the following places." It did not. Because the department did not follow the manner of service it prescribed for itself, we must conclude that Evergreen's tax liability was not validly determined.

The department seeks to rely on the fact that Evergreen, on its application for a sales and use tax license, had entered its Pennsylvania office address as its "mailing address." However, nothing in section 208 of the Tax Reform Code of 1971,[4] concerning that application, negates the cumulative requirement of the regulation by any indication that such mailing address is to be the sole address where notices are to be sent. Considered together with section 208, the license application obviously calls for a mailing address to deal with the

---

[4] Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7208.

situation where an applicant has more than one place of business in Pennsylvania. The mailing address entered on the application therefore indicates which of those several addresses is to be used as the address of the principal place of business in Pennsylvania. However, at least during the time period involved here, there was nothing in the law or regulations eliminating the additional requirement that the department send notice also to an address designated as the desired one for such notices.

We note that the department's failure to send notice directly to Evergreen's Oregon office was actually a harmless error because Evergreen's lack of actual notice resulted from the action of one of its own employees, not from the department's misdirected service. Nevertheless, an administrative agency's regulations which have been duly authorized and promulgated have the force of law and are binding upon that agency. *Fumo v. Department of Insurance,* 58 Pa. Commonwealth Ct. 392, 427 A.2d 1259 (1981). Consequently, because the department did not fulfill its own prerequisite to liability, the Board of Finance and Revenue's order affirming the denial of Evergreen's appeal is vacated and the case remanded for a hearing on Evergreen's sales and use tax assessment.

### ORDER

Now, October 20, 1986, the order of the Board of Finance and Revenue, at Docket No. RST-7654 402384 SUT AM-77825 S26, dated October 30, 1984, is vacated and the case remanded for a hearing on the petitioner's sales and use tax assessment.

Jurisdiction relinquished.

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

The majority perceives the observance of the places to which notice of the pending actions must be sent as a condition precedent to creating a substantive right. It did not consider procedural due process requirements to apprise the taxpayer of a pending action, as enforcement of a right already acquired. The issue then becomes one of adequacy of notice required for enforcement proceedings.

In *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306 (1950), the court recognized that prior to an action which will affect an interest in life, liberty or property protected by the Due Process Clause of the 14th Amendment, a state must provide "*notice reasonably calculated, under all the circumstances,* to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314 (emphasis added). The court further indicated that notice by publication, *where the names and addresses of interested parties are known,* was not reasonably calculated to provide actual notice of the pending actions. *Id.*

This principle was followed in *Mennonite Board of Missions v. Adams,* 462 U.S. 791 (1983), where, as to a mortgagee, the court said that constructive notice by publications was insufficient because such notice is not a means "*such as one desirous of actually informing the [mortgagee] might reasonably adopt to accomplish it*" (emphasis added). *Id.* at 798 (quoting *Mullane*). The court further stated that what is required to satisfy constitutional procedural due process is *notice by mail or other means* as reasonably calculated to ensure actual notice. *Id.*

Recognizing that notice is one element of procedural due process, the court focuses on the "reasonableness"

of the notice method chosen by the governmental unit. This is determined by considering the totality of the circumstances, and balancing the interests of the taxpayer sought to be protected by the 14th Amendment with that of the government's vital interest in the collection of its tax. There is no hard-and-fast formula. Notice is constitutionally adequate *when the practicalities of the case are met. Mennonite.*

The majority interprets the Department's regulation as being in the conjunctive, and concludes that since service was only at the taxpayer's office in Pennsylvania, tax liability was not validly determined. Thus, it interprets the clause "proper service shall be a prerequisite to the imposition of liability" as creating a substantive right, rather than one of procedural due process dimensions requiring a balancing of the interests of the taxpayer and of the government. A notice by mail to the taxpayer's Pennsylvania address would adequately satisfy his protected interest as well as the government's interest in collecting the tax. *Mennonite; Mullane.*

In fact, that is precisely the interpretation of the Department itself, when in 1985 an amendment published in 15 Pa. B. 3651 was added to the identical notice provision of Regulation 35.1(d)(3), that if the person assessed *has no post office address within the Commonwealth* (even though it may have one in another state), then notice shall be served in a *"manner which is reasonably calculated to give the person actual notice of the assessment."* 61 Pa. Code 35.1(d)(3)(ii). Further, that amendment states that "[t]his section does not diminish or postpone the right of the Commonwealth to secure a claim it may have with respect to property of the person assessed which is located within this Commonwealth." 61 Pa. Code 35.1(d)(3)(ii). This emphasizes the teachings of *Mullane* and *Mennonite,* and the Department's

own interpretation of its service requirement that no substantive right is created but that service at the taxpayer's office in Pennsylvania is sufficient for enforcement purposes, and in the event that he does not have one, then any manner reasonably calculated to give actual notice is sufficient. It preserves the right of the taxpayer and the interest of the government.

To hold that notice must be sent to both places, Pennsylvania and Oregon, would strike an irrational balance between the interests of the taxpayer and the governmental unit. I would permit the government to prevail.