533 A.2d 841

Frank J. Hempsey, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Argued September 14, 1987, before Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Charles S. Silver*, with him, *Martha Sperling, Silver & Sperling*, for petitioner.

*James A. M. Zarrella*, Assistant Counsel, with him, *Linda J. Wells*, Chief of Litigation, *M. Hannah Leavitt*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, November 25, 1987:

Petitioner, Frank J. Hempsey, Jr., petitions for review of an order of the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), which revoked his insurance agent's license and imposed upon him a civil penalty of $4,800.00 for transacting business on behalf of an insurance company without being licensed as an agent for that company.

Petitioner was employed as an insurance agent with Merchants Mutual Insurance Company (Merchants Mutual). However, he was not licensed as an insurance agent on behalf of Merchants Mutual. Section 604 of the Insurance Department Act, (Act), Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. §234, prohibits any individual from transacting business within this Commonwealth as the agent of an insurance company without a license. Regulations promulgated at 31 Pa. Code §31.13(d) state that "[a]n agent's license shall carry au-

thority to represent only the company which has secured the license for such agent. Such agent shall not place business with a company or an agent of a company for which he is not licensed."

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

The Commissioner found that petitioner placed eighty (80) insurance policies on behalf of Merchants Mutual although he was not licensed to do so. The Commissioner held this to be a violation of section 604 of the Act, P.S. §234, and ordered that his license be revoked and that he be fined $60.00 for each violation.

Petitioner contends that he lacked the necessary criminal intent to violate section 604 of the Act, P.S. §234, since he had been told by Merchants Mutual that he would be licensed and he should "go ahead and place policies."

> Whether a given statute is to be construed as requiring criminal intent is to be determined by the court, by considering the subject matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature. The legislature may define a crime so that criminal intent is not necessary.

*Commonwealth v. Hennemuth*, 294 Pa. Superior Ct. 360, 439 A.2d 1241 (1982). If the legislature intended section 604 of the Act, 40 P.S. §234, to punish only those persons who acted with criminal intent, it would have so stated. However, section 604 of the Act, 40 P.S. §234, makes no reference to any such criminal intent being necessary.

Petitioner's next contention is that the Commissioner erred in considering the consent order from petitioner's previous violation of the Commonwealth's insurance licensing requirements in the determination of an appropriate penalty for the current violation. Section 639 of the Act, 40 P.S. §279, provides that upon a violation of section 604 of the Act, 40 P.S. §234, or upon satisfactory evidence of such conduct as would disqualify such agent from initial issuance of a license, the Commissioner may in his discretion:

> (1) Suspend or revoke or refuse to renew the license of such offending party or parties;
>
> (2) Impose a civil penalty of not more than one thousand dollars for each and every act in violation of any of said sections by said party or parties.

The Commissioner correctly considered petitioner's prior violation of the Act in deciding what penalty to impose. *In Re: Appeal of Dillinger,* 26 Pa. Commonwealth Ct. 494, 364 A.2d 757 (1976).

We believe the Commissioner was correct in his findings and accordingly we affirm.

ORDER

NOW, November 25, 1987, the order of the Insurance Commissioner of the Commonwealth of Pennsylvania, No. P86-6-10, dated November 5, 1986, is affirmed.