William E. Wallace, Appellant, *v.* Insurance Department of the Commonwealth of Pennsylvania, Appellee.

Argued April 3, 1973, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John Churchman Smith*, with him *Gibbons, Buckley and Smith*, for appellant.

*Charles D. Cowley*, Assistant Attorney General, with him *Robert J. Demer*, Assistant Attorney General, and *Barton Isenberg*, Deputy Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 31, 1973:

William E. Wallace (Wallace) has been a licensed life insurance agent in the Commonwealth of Pennsylvania since 1956 and has been licensed as an insurance agent to sell casualty insurance since 1966. Commencing on May 27, 1970, Wallace sold casualty insurance policies for Safeguard Mutual Insurance Company (Safeguard). Although he offered a plausible explanation for his believing that he was properly licensed to sell for Safeguard,[1] the evidence established that Wal-

---

[1] The testimony indicates that it is customary in the insurance industry for the company and not the agent to forward the application and fee ($5.00 for casualty license) to the Insurance Department. Also, it is the usual practice for the Insurance Department to issue the license in the name of the agent but to mail the license to the company, to be held in their files. Wallace testified that he assumed this had been done for him by Safeguard.

lace was not in fact licensed to sell for Safeguard until April 7, 1972. This license was issued in response to an application for license submitted by Safeguard subsequent to March 9, 1972.[2] The record is clear that representatives of the Insurance Department first became aware, and informed Wallace, on January 18, 1972 that he was not licensed to sell casualty insurance for Safeguard.

On February 8, 1972, Wallace was charged with selling casualty insurance for Safeguard as an agent and broker without a license and in violation of Sections 604 and 623 of The Insurance Department Act of 1921, Act of May 17, 1921, P. L. 789, as amended, 40 P.S. §§234, 253. Following two hearings, Wallace was adjudicated guilty of selling insurance for Safeguard without being licensed as an agent, in violation of Section 604 of The Insurance Department Act of 1921, 40 P.S. §234.

All licenses of Wallace to act as an insurance agent were suspended for a period of sixty days, beginning September 1, 1972 and ending on October 30, 1972. Since Wallace did not obtain a supersedeas from this suspension and the period of time involved has elapsed, this portion of the Insurance Department's adjudication is moot and will not be considered here. *See Scranton School District v. Scranton Federation of Teachers,* 445 Pa. 155, 282 A. 2d 235 (1971).

The adjudication further imposed a penalty of $14,-705 against Wallace, payable to the Commonwealth of Pennsylvania. This penalty was apparently determined by multiplying 2941, the number of Safeguard policies sold by Wallace during the years 1970 and 1971, when Wallace was not licensed to sell for Safeguard, by $5.00. Wallace has appealed this adjudication under

---

[2] Safeguard maintained it had applied in 1970 for a license to sell casualty insurance for Wallace, but the Insurance Department's records did not disclose any such application.

the provisions of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1 et seq. Section 44 of the Administrative Agency Law, 71 P.S. §1710.44, directs us to hear appeals on the record made before the agency and further provides: "After hearing, the court shall affirm the adjudication unless it shall find the same . . . is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole, or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court."

Following two hearings and extensive testimony, the Insurance Commissioner made only five findings of fact and of those only two are relevant here, and they are as follows:

"2. William E. Wallace was not a licensed agent of Safeguard Mutual Insurance Company during the years 1970 and 1971.

"3. William E. Wallace acted as an agent for Safeguard Mutual Insurance Company on 2,941 separate occasions. . . ."

We find no basis in the record to reject these findings, as they are unquestionably supported by substantial evidence. *See A. P. Weaver and Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971).

Our next inquiry must be to determine whether these two findings of fact which satisfy the so-called "substantial evidence" rule support the relevant conclusion of law made by the Commissioner in his adjudication. That conclusion of law reads as follows: "2. William E. Wallace, the Respondent, acted as an agent for a company for whom he was not licensed on 2,941 separate occasions, each of which constituted a separate

and distinct violation of Section 604 of The Insurance Department Act of 1921, May 17, 1921, P. L. 789, as amended (40 P.S. §234)."

Section 604 prohibits any individual from transacting business within this Commonwealth as the agent of an insurance company without a license as required by The Insurance Department Act of 1921. Section 639 of that Act, 40 P.S. §279, authorizes the Insurance Commissioner, *inter alia*, upon satisfactory evidence of the violation of Section 604, to impose a penalty of not more than one thousand dollars for each and every act in violation of Section 604 by an agent of any insurance company.

We clearly have here findings of fact, supported by substantial evidence, which support the conclusion of law that Wallace violated Section 604 of The Insurance Department Act of 1921.

Nevertheless, we have great difficulty in accepting a penalty of $14,705 because of a failure to apply for a license which could have been obtained for $5.00. Our sense of propriety is even more disturbed by the fact that Wallace's failure to obtain the license may have been an honest oversight on his part and by the fact that, even after the first hearing in this case, the Insurance Commissioner saw fit to issue Wallace a license to sell casualty insurance for Safeguard.

However, we do recognize (1) that the record discloses that Wallace's sales of casualty policies for Safeguard generated over $600,000 in premiums and $196,-000 in commissions during the two-year period in question; (2) that Section 639 empowers the Commissioner to impose a penalty of as much as one thousand dollars for each and every violation of Section 604; (3) that the Commissioner did impose a penalty of five dollars for each violation; and (4) that, most importantly, to modify the order would be to substitute our discretion for that of the Insurance Commissioner, which we may

not do. *State Real Estate Commission v. Farkas*, 1 Pa. Commonwealth Ct. 134, 274 A. 2d 238 (1971) ; *State Real Estate Commission v. Bewley*, 1 Pa. Commonwealth Ct. 85, 272 A. 2d 531 (1971). Since there was not a manifest abuse of discretion in the imposition of the dollar penalty, this Court is duty bound to affirm the adjudication of the Insurance Commissioner.

ORDER

And now, this 31st day of July, 1973, the appeal of William E. Wallace from the adjudication, dated August 22, 1972, of the Insurance Commissioner of Pennsylvania is hereby dismissed and the said adjudication is hereby affirmed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent.

The record establishes that by invariable custom, Pennsylvania insurance companies transmit to the insurance department the applications of licensed brokers for the special license needed to sell their policies. These special licenses are issued to qualified brokers such as the appellant as a matter of course. One of the companies for whom the appellant was appointed to sell policies neglected to send his application for the special license or, as the company asserts, the application was sent by it but was lost in the mail or by the Department. In connection with, but incidental to, the investigation of an entirely different matter regarding the company in question, the Department ascertained that the appellant, who was selling policies, had not been issued the special license. There is not the slightest hint of any wrongdoing by the appellant. There is no suggestion that the appellant did not believe he had applied for a license or that one had issued, that he gained any advantage by not applying or that a license would not have issued as of course if the appli-

cation had reached the proper office of the Department. Indeed, the Department issued the license upon appellant's application and payment of the $5.00 fee while these hearings were in progress. I believe, therefore, that the penalty of $14,705.00 imposed by the Commissioner was an outrageous exaction, accompanied as it was by a 60-day suspension. The relevancy to the propriety of the amount of the penalty of the facts that the appellant sold a lot of insurance and made substantial commissions, in the light of the clear fact that a license would have issued if the application had reached the Department, escapes me. The Commissioner is given the right to impose penalties for the purpose of punishing and thereby discouraging wrongdoing, not so that he may produce revenue for the Commonwealth.

I would modify the Commissioner's order by the reduction of the penalty to One thousand dollars ($1,000.00).

Judge KRAMER joins in this Dissent.