Steven J. Slanina *v.* William J. Sheppard, Commissioner, Insurance Department of the Commonwealth of Pennsylvania. Steven J. Slanina, Appellant.

Argued September 14, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Arthur A. Kusic,* for appellant.

*John H. Isom,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, December 6, 1976:

Steven J. Slanina (applicant) has appealed from an adjudication of the Insurance Commissioner which affirmed a denial by the Pennsylvania Insurance Department (Department) of his application for an insurance agent's license.

Slanina had previously been licensed by the Commissioner to sell insurance[1] and as such a licensee,

---

[1] Slanina had held life, accident and health insurance agent licenses as follows:

|  | Effective | Terminated |
|---|---|---|
| Bankers Life and Casualty Co. | 2/27/73 | 9/ 3/74 |
| Pennsylvania Life Ins. Co. | 8/ 7/74 | 10/25/74 |

had been charged with four violations of the Pennsylvania insurance laws.[2] On August 25, 1975, in disposition of the alleged violations, he entered into a consent order with the Commissioner which provided for a penalty of two hundred dollars. He paid the penalty and then, on September 4, 1975, applied again for an agent's license to sell insurance for the Massachusetts Mutual Life Insurance Co. (Mass. Mutual). This application was denied.

Section 603 of the Act, 40 P.S. §233 provides:

> The Insurance Commissioner *may* issue . . . an agent's license to any person. . . . Before any such license is granted, the applicant shall first make answer, in writing and under oath, to interrogatories . . . and to the effect that the applicant is of *good business reputation*, and of experience in underwriting . . . *and is worthy of a license.* . . . *When the Insurance Commissioner is satisfied that the applicant is worthy of license,* and that he is reasonably familiar with provisions of the insurance law of this Commonwealth, he shall issue a license. . . . [Emphasis added.]

The Insurance Commissioner, therefore, has clearly been empowered to exercise his discretion in the grant or refusal of license applications. Our scope of review here is limited, therefore, to a determination of whether or not constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L.

---

2 Slanina had been charged by the Department with violations of Sections 637 and 639 of The Insurance Department Act of one thousand nine hundred and twenty-one, (Act), Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§277 and 279 and Section 414 of The Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, *as amended,* 40 P.S. §518, arising out of the sale of two insurance policies to each of two persons.

1388, *as amended,* 71 P.S. §1710.44. And, where, as here, a statute confers discretion upon an administrative tribunal, its actions are subject to judicial review only to determine whether or not there has been an abuse of discretion or a purely arbitrary exercise of authority. *Insurance Department v. Saint Lukes Hospital,* 21 Pa. Commonwealth Ct. 10, 342 A.2d 773 (1975). Whether the court may have reached a different opinion or judgment in a particular case is not sufficient to reverse administrative action because judicial discretion may not be substituted for administrative discretion. *Insurance Department v. Saint Lukes Hospital, supra.* Slanina admitted in agreeing to the entry of the consent order that he had engaged in misrepresentations which constituted violations of the insurance laws of this Commonwealth. The Commissioner, therefore, determined that Slanina was not worthy of a license and we cannot substitute our discretion for that of the Commissioner. *Wallace v. Insurance Department,* 9 Pa. Commonwealth Ct. 567, 308 A.2d 162 (1973).

We must note that the Commissioner's hearing officer stated at the hearing that the only question involved was whether or not Slanina had sufficiently "rehabilitated" himself to become a licensed insurance agent and ruled that he had not. The evidence in the record as to Slanina's character and "rehabilitation" is as follows: (1) a statement by Mass. Mutual that, following an investigation, Slanina was endorsed by the company as being trained and prepared to sell insurance, of good business reputation and worthy of a license; (2) "a letter from an agent he was formerly associated with attesting to his good character";[3] and (3) Slanina's testimony that he was

---

[3] The hearing officer made a finding of fact as to the letter, although the letter itself is not contained in the record.

380

now aware that his prior actions had been contrary to law, that he would not, if given the chance, violate the law again, and that he had never been convicted of any crimes in the Commonwealth. While we are uncertain as to what other evidence of "rehabilitation" the Commissioner may have expected, and we might ourselves have thought this sufficient, we believe that the denial of Slanina's license application, which application was made less than two weeks after the consent order and refused because that order had been entered, did not constitute an abuse of discretion. We, therefore, affirm the adjudication.

ORDER

AND Now, this 6th day of December, 1976, the adjudication of the Insurance Commissioner, dated February 17, 1976, is hereby affirmed and the appeal of Steven J. Slanina is dismissed.