Lebanon County Sewage Council, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued February 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Joseph M. Hill, Jr.,* for petitioner.

*Eugene E. Dice,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 10, 1978:

Petitioner's application for reimbursement of expenses incurred in administering provisions of the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §750.1 et seq. was denied by respondent. Petitioner appealed to the Environmental Hearing Board (Board), which granted respondent's motion to dismiss for lack of jurisdiction on the ground that the appeal was not timely filed. We affirm the Board.

Respondent's denial of the application was dated August 10, 1976, and was received by petitioner on or about August 12, 1976. The letter of denial included the address of the Board and stated that any appeals thereto must be filed within 30 days. On October 8, 1976, petitioner sent the Board a letter requesting an appeal. A Board "Notice of Appeal" form was not received by the Board until October 19, 1976. Two days later, the Board issued a pre-hearing order which required each party to submit a memorandum, setting forth all facts and legal contentions upon which it intended to rely, by November 18, 1976. Respondent's motion to dismiss was not filed until November 22, 1976. Petitioner then filed a motion to dismiss re-

spondent's motion on grounds of untimeliness. The Board's order and this appeal followed.

Petitioner acknowledges its failure to perfect an appeal within the 30-day period prescribed by the Board but contends that such failure does not deprive the Board of jurisdiction over the appeal. We have repeatedly held to the contrary. *See, e.g., Rostosky v. Department of Environmental Resources*, 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976). Nor can we agree with petitioner's argument that respondent's motion to dismiss for untimeliness cannot be granted because it, too, was untimely. As stated by our Supreme Court in *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 368, 214 A.2d 203, 205 (1965):

> The filing of a timely appeal being a jurisdictional requirement, the delay of the Commonwealth in raising the issue is of no consequence. Mere delay of one of the parties cannot be said to extend the jurisdiction of the Commonwealth Court to hear appeals beyond the period allowed by statute. (Citations omitted.)

Because no final action was taken by the Board's presiding officer alone, we find no merit in petitioner's claim that the Board was required to conduct a hearing under 1 Pa. Code §35.180. We also must reject petitioner's final claim that the 30-day appeal period, as set forth in the Board's Rules of Practice and Procedure, 25 Pa. Code §21.21, is merely directory and not mandatory. *See Rostosky, supra.*

Accordingly, we will enter the following

ORDER

Now, March 10, 1978, the order of the Environmental Hearing Board, Docket No. 76-125-W, dated December 13, 1976, granting the motion of respondent Commonwealth of Pennsylvania, Department of Environmental Resources, to dismiss the appeal of peti-

tioner Lebanon County Sewage Council for lack of jurisdiction, is hereby affirmed.