588 A.2d 1001

Robert L. SNYDER and Jessie M. Snyder and
AH–RS Coal Corporation, Petitioners,

v.

DEPARTMENT OF ENVIRONMENTAL
RESOURCES, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1990.

Decided March 25, 1991.

536

Richard S. Dorfzaun, Dickie, McCamey & Chilcote, P.C., and Robert O. Lampl, Pittsburgh, for petitioners.

Michael D. Buchwach, with him, Katherine S. Dunlop, Asst. Counsel, Pittsburgh, for respondent.

Before McGINLEY and KELLEY, JJ., and BARRY, Senior Judge.

KELLEY, Judge.

Robert L. Snyder, Jessie M. Snyder and AH–RS Coal Corporation (mining operators) appeal from an order of the Environmental Hearing Board (EHB) granting summary judgment to the Department of Environmental Resources (DER) relating to forfeiture of five reclamation bonds. We affirm in part and reverse in part.

Robert L. Snyder is the president of AH–RS Coal Corporation, which was engaged in strip mining activities in Butler and Clarion counties. Jessie M. Snyder is a guarantor of various bonds which are the subject of this appeal.

Between 1974 and 1977, the mining operators were issued mining permits (MP) by DER for five separate parcels pursuant to the Surface Mining Conservation and Reclamation Act (Act).[1] These permits were encompassed by two mining drainage permits (MDP).[2] Section 4(d) of the Act requires a bond to be posted to ensure that mine operators comply with all provisions of the Act and of other applicable laws. The amount of the bond shall be determined by DER based upon the total estimated cost to the Commonwealth of completing the approved reclamation plan.[3] Section 4(h) of the Act provides that if the mining operator fails or refuses to comply with the requirements of the act for

1. Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. §§ 1396.1–1396.31. Initially, nine parcels were included in this litigation; however, four were settled by the parties prior to the summary judgment at issue here. The remaining permits are MP Nos. 847–1(A), 847–6, 847–8 and 847–8(A).

2. MDP No. 3672SM1 encompassed MP Nos. 847–1(A), 847–6 and 847–6(A). MDP No. 3075SM5 encompassed MP Nos. 847–8 and 847–8(A).

3. 52 P.S. § 1396.4(d).

which liability has been charged on the bond, DER shall declare such portion of the bond forfeited.[4] The mining operator may appeal a forfeiture determination to the EHB.

On November 27, 1979, DER forfeited the bonds, contending that reclamation on the permitted parcels had not been carried out according to the reclamation plan. The mining operators appealed to the EHB. On January 21, 1988, DER filed a motion for summary judgment on the forfeiture, which was granted on April 27, 1990.[5] The mining operators raise three issues in this appeal. First, they contend that the EHB is not statutorily authorized to enter summary judgment. Second, they contend that even if so authorized, summary judgment was not appropriate in this case since it was based on testimonial affidavits of the moving party. Third, they argue that DER was estopped from forfeiting the bonds due to its failure to renew the operators' mining licenses, so as to enable them to complete the reclamation work. We shall discuss these issues individually.

## EHB's AUTHORITY TO ENTER SUMMARY JUDGMENT

■ The mining operators contend that EHB has no statutory authority to enter summary judgment. They first make a broad assertion that no administrative agency has the power to enter summary judgment based on 2 Pa.C.S. § 504, which states that:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.

---

4. 52 P.S. § 1396.4(h).

5. This litigation has a lengthy history, including prior appearances before this Court, which resulted in a consent decree, a finding that the mining operators were in contempt of the decree, an amended consent decree, and a supplemental consent decree, as well as a related bankruptcy proceeding in federal court. The actions in this Court were docketed at No. 1015 C.D.1978. We see no need to completely recount these prior actions in this opinion.

We find no merit to this argument. It is uncontested that the mining operators had reasonable notice of both the forfeiture action and the motion for summary judgment and submitted briefs on both issues. Pursuant to 2 Pa.C.S. § 506, all parties shall be afforded opportunity to submit briefs prior to adjudication by a Commonwealth agency, and oral argument upon substantial issues *may* be heard by the agency. Additionally, we have held that 2 Pa.C.S. § 504 was not meant to apply in a situation where no legally relevant factual issue is in dispute. *King v. State Employees' Retirement Board*, 129 Pa.Commonwealth Ct. 444, 456, n. 5, 566 A.2d 323, 329, n. 5 (1989), *petition for allowance of appeal granted*, 525 Pa. 589, 575 A.2d 118 (1990). Assuming arguendo, that this is an appropriate situation for summary judgment, it is not per se prohibited by 2 Pa.C.S. § 504.

■ The mining operators also mount a much narrower attack, arguing that even if summary judgment is not precluded, EHB has not adopted a particular rule or procedure specifically authorizing it and is therefore without authority.

■ Where an agency does not promulgate its own rules, the General Rules of Administrative Practice and Procedure found at 1 Pa.Code, §§ 31.1–35.251 apply. *Celane v. Insurance Commissioner*, 51 Pa.Commonwealth Ct. 633, 637, n. 5, 415 A.2d 130, 132, n. 5 (1980). In particular, the mining operators rely on 1 Pa.Code § 35.180(a) which provides that:

> The presiding officer designated to preside at a hearing is authorized to rule upon ... any motion filed or made after the commencement of the hearing and prior to the submission of his proposed report in the proceedings, except that no motion made before or during the hearing or ruling upon which would involve or constitute a final determination of the proceeding, shall be ruled upon by a presiding officer except as a part of his proposed report submitted after the conclusion of the hearing.

The mining operators urge that this rule clearly does not permit the entry of summary judgment. We agree that it does not permit a *presiding officer* to enter summary judgment.

In this case, however, the presiding officer alone did not enter summary judgment. That order was entered by the entire EHB. Additionally, the EHB has promulgated regulations pursuant to its statutory authority. These regulations provide that final decisions shall be decisions of the EHB decided by majority vote.[6] Therefore, the EHB has complied with its own rules, which expressly supplement the general agency rules contained in 1 Pa.Code Chapter 35.

In *Lebanon County Sewage Council v. Department of Environmental Resources*, 34 Pa.Commonwealth Ct. 244, 382 A.2d 1310 (1978), we rejected the argument that 1 Pa.Code § 35.180 required a hearing. This Court held that:

> Because no final action was taken by the ... presiding officer alone, we find no merit in petitioner's claim that the Board was required to conduct a hearing under 1 Pa. Code § 35.180.

*Id.*, 34 Pa.Commonwealth Ct. at 246, 382 A.2d at 1311.

Finally, we have already recognized EHB's power to grant summary judgment. In *Summerhill Borough v. Department of Environmental Resources*, 34 Pa.Commonwealth Ct. 574, 383 A.2d 1320 (1978), we upheld EHB's entry of summary judgment, applying the general standards of Pa.R.C.P. 1035(b). The mining operators are correct in noting that the EHB has never specifically adopted a rule concerning summary judgment. Nevertheless, the entry of summary judgment constitutes a "final action," which, according to EHB regulations, requires a majority vote of the board.

We can think of no sufficient reason to require EHB to conduct an evidentiary hearing when there is no valid factual dispute. Since we have previously recognized the

6. 25 Pa.Code § 21.86.

entry of summary judgment by EHB, we hold here that EHB has the authority to issue summary judgment.

## PROPRIETY OF SUMMARY JUDGMENT IN THIS CASE

■ The mining operators next argue that summary judgment is inappropriate where based solely on testimonial affidavits, citing *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932). Our Supreme Court has recently reaffirmed the *Nanty–Glo* rule, stating that:

> Testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury.

*Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 176, 553 A.2d 900, 903 (1989) (quoting Goodrich–Amran.2d § 1035(b):4 at pp. 434–35).

Despite this recent reaffirmance of *Nanty–Glo*, this Court has held that the rule has no application to administrative proceedings. *Peoples Natural Gas Co. v. Pennsylvania Public Utility Commission*, 123 Pa.Commonwealth Ct. 481, 554 A.2d 585 (1989). The Court explained that because the purpose of the *Nanty–Glo* rule was to reserve questions of credibility for the jury, it had no application to an administrative proceeding in which the administrative law judge or administrative body served as the factfinder. *Id.*, 123 Pa.Commonwealth Ct. at 490, 554 A.2d at 589.[7]

■ Having determined that uncontradicted affidavits may be considered by the EHB in hearing a motion for summary judgment, the question remains what effect they will be given. If the non-moving party in the context of a motion for summary judgment fails to file counter-affidavits, the Commonwealth Court must still determine whether

7. We note that our Supreme Court decided *Penn Center House* on January 30, 1989 while this Court decided *Peoples Gas* on February 16, 1989. We can therefore presume that *Peoples Gas* was decided with knowledge of *Penn Center House* and is not inconsistent with it.

the moving party has satisfied its burden of showing that there exists no material issue of fact. *Santoro v. City of Philadelphia,* 59 Pa.Commonwealth Ct. 114, 429 A.2d 113 (1981).

■ In considering a motion for summary judgment, the court must examine the whole record, including the pleadings, any depositions, any answers to interrogatories, admissions of record, if any, and any affidavits filed by the parties. *Penn Center House, Inc. v. Hoffman,* 520 Pa. at 176, 553 A.2d at 903.

We will proceed to examine the whole record for each individual bond forfeiture to determine whether summary judgment was appropriate in each instance.

## INDIVIDUAL BOND FORFEITURES

■ *Bond Forfeiture for MP 847–1(A).* In its motion for summary judgment, DER contends that the bond should be forfeited due to the mining operators' failure to backfill the site in violation of Section 611 of The Clean Streams Law [8] and Section 4.2(a) and Section 18.6 of the Act,[9] as well as violations of 25 Pa.Code §§ 87.141 through 87.148. DER further contends that the mining operators failed to ensure against rupturing gas lines in violation of 25 Pa.Code § 209.34.

DER submitted a testimonial affidavit of Richard Stempeck, a mine conservation inspector, which verified the allegations.

The mining operators admitted that their mining operations had affected the entire site of MP 847–1(A) and that no reclamation work had been done since 1978.[10] However, they argue that an issue of fact exists as to the allegation that they failed to ensure against rupturing gas lines. While we agree that an issue of fact does exist in regard to

8. Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. § 691.611.

9. 52 P.S. § 1396.4(b), 52 P.S. § 1396.24.

10. Appellant's Answer to Request for Admissions, Nos. 3, 4 and 9, R. at 225a–227a.

that allegation, we still must affirm the grant of summary judgment for the MP 847–1(A) bond.

DER has a mandatory duty to forfeit the bond once the department finds that the mining operator has failed to comply with the requirements of the Act in any respect. *Morcoal Co. v. Department of Environmental Resources,* 74 Pa.Commonwealth Ct. 108, 459 A.2d 1303 (1983). Since the mining operators admit to failing to backfill and to affecting the entire site, they have failed to comply with the requirements of the Act. Even if they were to prevail on the issue of failure to ensure against rupture of gas lines, DER would still be justified in forfeiting the bond.

■ *Bond Forfeiture for MP 847–6.* DER bases its bond forfeiture on the mining operators' alleged discharge of mine drainage from the site in violation of 25 Pa.Code § 87.102. DER again submitted a testimonial affidavit of its mine conservation inspector.[11] The mining operators denied this allegation. DER, however, contends that the allegation is deemed admitted due to the consent decree issued by this Court on June 21, 1978 at No. 1015 C.D.1978, and the contempt proceedings initiated by DER for failure to abide by the consent decree.

The consent order referred to specifically states that the parties "have consented to this Decree, without this Decree constituting an admission with respect to any issue ..."[12] On November 29, 1978, the mining operators were found in contempt of the consent decree; however, the contempt order found that the mining operators did not have the assets to comply with the reclamation work requirements as imposed by the consent decree.[13] We cannot find that either the consent decree or the contempt order in any way constituted an admission that the mining operators discharged mine drainage as alleged by DER. Since the only evidence submitted in favor of summary judgment on this

11. Affidavit of Richard Stempeck, R. at 291a.
12. Consent Decree of June 21, 1978, No. 1015 C.D.1978, R. at 262a.
13. Order of November 29, 1978, No. 1015 C.D.1978, R. at 258a.

issue was the pleadings and the affidavit of Richard Stempeck, we do not believe that the moving party has met its burden of proving that no genuine issue of fact exists and therefore find that summary judgment was not appropriate in regards to the bond forfeiture for MP 847-6.

■ *Bond Forfeiture for MP 847-6(A).* DER contends that the mining operators failed to spread topsoil on the area encompassed by MP 847-6(A) in violation of 25 Pa. Code §§ 87.140—87.145. In support of its motion, DER submitted the Stempeck affidavit and the admission of the mining operators that topsoil had not been spread.[14] The admission combined with the affidavit are sufficient to support the entry of summary judgment. Since failure to spread topsoil constitutes a violation for which forfeiture is mandated, entry of summary judgment in the bond forfeiture of MP 847-6(A) was proper.[15]

■ *Bond Forfeiture for MP 847-8.* DER contends that the mining operators failed to complete reclamation of the sites in accordance with the reclamation plan, allowed water to accumulate in the open pit, failed to properly dispose of acid forming materials and failed to limit the length of open pits to a maximum of one thousand five hundred feet, all in violation of the Act,[16] The Clean Streams Law,[17] and DER regulations.[18]

The mining operators admitted that three acid impoundments existed on the area covered by MP 847-8 and that no backfilling equipment existed on the area.[19] DER sub-

14. Appellant's Answer to Request for Admissions, No. 31, R. at 234a.

15. Although liability accrues in proportion to the acreage affected and there is no admission here that the mining operators affected the entire acreage, the bond itself provides for minimum liability of $5,000, which was the entire amount of this bond (*see* R. at 299a). Consequently, it was unnecessary for DER to prove that the entire area was affected.

16. Section 18.6, 52 P.S. § 1396.24.

17. Section 611, 35 P.S. § 691.611.

18. 25 Pa.Code §§ 87.140 through 87.155.

19. Appellant's Answer to Request for Admissions Nos. 35 and 36, R. at 235a.

mitted the affidavit of Mark Odenthal, mine conservation inspector, which verified all allegations.[20] This constitutes a sufficient basis for entry of summary judgment on the issue of liability.

There remains, however, a disputed factual issue. DER requested admissions that the mining operators had affected all thirty acres of the site covered by MP 847-8. This request was denied.[21] The Odenthal affidavit contends that twenty-eight of the thirty acres were affected. Standing alone, this cannot support summary judgment on the issue of the proportion of the site which was affected. Since forfeiture of the bond is in proportion to the amount of the site affected, a material issue of fact remains as to what amount of the bond DER is allowed to forfeit. We therefore must reverse the grant of summary judgment on MP 847-8.

 *Bond Forfeiture for MP 847-8(A).* DER alleges that the same violations exist as for MP 847-8. There are no admissions by the mining operators of these alleged violations, leaving the Odenthal affidavit as the only supporting evidence. Additionally, the proportion of the site affected is contested, as it was in MP 847-8. Accordingly, we reverse the grant of summary judgment as to both liability and the proportion of the site affected.

## ESTOPPEL

 Finally, the mining operators argue that summary judgment is not appropriate because there remains a factual issue of whether DER is estopped from forfeiting the bonds. The argument of the mining operators is basically that they applied and paid for a mining license in 1978 but that it was never issued. This, they contend, may raise an estoppel issue.

The EHB held that the obligation to reclaim the sites existed independently of any question of a future right to a

**20.** R. at 328a.

**21.** Appellants' Answer to Request for Admissions No. 61, R. at 49a.

mining license. Another mining operator made a similar argument in *Morcoal Co. v. Department of Environmental Resources*, 74 Pa.Commonwealth Ct. 108, 459 A.2d 1303 (1983). This Court held that nothing in the Act prohibited reclamation without a license, only coal mining without a license.[22] We also note that DER's duty to forfeit the bonds when the mining operator is in violation of the applicable laws is mandatory. Section 4(h) of the Act requires in part that:

> If an operator fails or refuses to comply with the requirements of the act in any respect for which liability has been charged on the bond, the Secretary shall declare such portion of the bond forfeited.

52 P.S. § 1396.4(h).

There is no mention in the Act that the responsibility to reclaim is in any manner related to the issuance of a mining license. We cannot help but find the mining operators' argument regarding estoppel without merit.

## ORDER

NOW, this 25th day of March, 1991, the order of the Environmental Hearing Board, No. 79–201–R, dated April 27, 1990, is affirmed with respect to MP Nos. 847–1(A) and 847–6(A), and reversed with respect to MP Nos. 847–6, 847–8 and 847–8(A).

---

**22.** Section 3.1(a) of the Act, 52 P.S. § 1396.3a(a).