# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael William Woodford and  :
Options Insurance Agency,  :
                  Petitioners  :    No. 1005 C.D. 2018
                                                :    Argued: December 11, 2018
        v.  :
                                                :
Pennsylvania Insurance Department,  :
                  Respondent  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION**
**BY JUDGE SIMPSON**                **FILED: January 4, 2019**


Before this Court is a petition for review filed by Michael William Woodford (Woodford) and Options Insurance Agency (jointly, Producer) from two orders of the Insurance Commissioner (Commissioner). The proceeding before the Commissioner related to allegations by the Pennsylvania Insurance Department (Department) that Producer violated portions of The Insurance Department Act of 1921[1] (Act) in paying referral fees and in charging certain fees to consumers. Producer seeks review of that portion of the Commissioner's order dated July 31, 2017, denying Producer's motion for summary judgment (Summary Judgment Order). Producer also seeks review of the Commissioner's adjudication and order dated June 21, 2018, finding violations of Section 674-A(a) and (b) of the Act,[2] 40 P.S. §310.74(a) and (b) (relating to fees in addition to commissions), and imposing

---

[1] Act of May 17, 1921, P.L. 789, as amended, 40 P.S. §§1-326.7.

[2] Article VI-A was added to The Insurance Department Act of 1921 by the Act of December 6, 2002, P.L. 1183, 40 P.S. §§310.1-310.99a.

penalties (Application Fee Order). Upon review, we affirm in part and reverse in part.

## I. Background

Producer is a licensed insurance producer pursuant to the Act. In November 2016, the Department filed with the Commissioner an order to show cause charging Producer with several violations of the Act, related to sales of motor vehicle insurance. Ultimately, the Department alleged that Producer: (1) paid referral fees that violated the limitations imposed by Section 672-A(b)(2) of the Act, 40 P.S. §310.72(b)(2); (2) charged fees to consumers in addition to commissions, in violation of Section 674-A(a) of the Act; (3) charged fees to consumers for completing insurance applications, in violation of Section 674-A(b) of the Act; and (4) engaged in conduct suggesting unworthiness for licensure pursuant to Section 611-A(7) of the Act, 40 P.S. §310.11(7) (relating to fraudulent, coercive or dishonest practices) and Section 611-A(20) of the Act, 40 P.S. §310.11(20) (relating to lack of general fitness, competence or reliability).

Producer filed a motion for dismissal asserting that the Department's charges had no factual or legal basis. Producer submitted an affidavit from Woodford as its sole evidentiary support for the motion. In the affidavit, Woodford averred facts supporting Producer's compliance with the Act's limitations on referral fees. He also denied that Producer charged any fees related to completing insurance applications.

The parties subsequently agreed to treat the motion to dismiss as a motion for summary judgment.

2

The Department filed an answer to the motion, along with three counter-affidavits concerning referral fees. Because the answer and affidavits were untimely, Producer filed a motion to strike them.

In the Summary Judgment Order, the Commissioner addressed both the motion to strike and the motion for summary judgment. Agreeing with Producer that the Department's answer and affidavits were untimely, the Commissioner struck them. However, the Commissioner denied the motion for summary judgment, finding that issues of credibility regarding Woodford's affidavit could only be tested through an evidentiary hearing.

Following a hearing, the Commissioner issued the Application Fee Order. After concluding that Producer violated the Act, the Commissioner issued a cease and desist order and imposed penalties including a $5,000 fine and five years of Department supervision.

Regarding Section 672-A(b)(2) of the Act (concerning payment of referral fees), the Commissioner found the evidence suggested Producer was careless in complying with that provision, but the Department failed to sustain its burden of proving a violation. The Commissioner nonetheless included this section in the cease and desist order.

Regarding Section 674-A(a) of the Act (concerning collection of fees in addition to commissions), the Commissioner noted that permissibility of fees in consumer transactions was an issue of first impression. She deferred to the

3

Department's construction of the Act, concluding that the Act precludes such fees in personal/consumer insurance transactions. The Commissioner included this section in the cease and desist order but declined to impose any penalty for Producer's past violations.

Regarding Section 674-A(b) of the Act (concerning collection of fees for completing insurance applications), the Commissioner found the Department sustained its burden of proving one instance in which Producer violated the Act by charging a fee that related to completing an insurance application.

Producer's petition for review of both orders followed.[3]

## II. Issues

Producer raises several issues for review. Producer argues the Department's failure to respond timely to Producer's summary judgment motion eliminated all issues of fact, such that the Commissioner erred in denying summary judgment. In addition, Producer contends the Commissioner found insurance producers may charge additional fees beyond commissions in personal/consumer insurance transactions, and then contradicted that finding in the Application Fee

---

[3] This Court's review of the Commissioner's adjudication and orders is limited to determining whether they violated Producer's constitutional rights, were contrary to law, or violated a practice or procedure of Commonwealth agencies, or whether a necessary finding of fact was not supported by substantial evidence. 2 Pa. C.S. §704; Grimaud v. Pa. Ins. Dep't, 995 A.2d 391 (Pa. Cmwlth. 2010).

In addition, in a case involving a complex statutory scheme, courts exercise greater caution in substituting their discretion for the expertise of the Commissioner, acting as the agency head of the Department. Statutory and regulatory interpretations of a regulatory agency are accorded great deference. Grimaud.

Order. Producer asserts that the Commissioner erred by prospectively ordering Producer to stop charging a fee in addition to commissions in relation to personal/consumer insurance. In light of the parties' stipulation of facts and the evidence of record, Producer argues the record lacked substantial evidence in support of the Commissioner's finding that Producer charged a fee to complete an insurance application in violation of the Act. Producer insists the Commissioner erroneously imposed penalties in the absence of any violation of the Act. Finally, Producer contends the Commissioner erroneously found Producer engaged in conduct suggesting unworthiness for licensure, in the absence of any violation of the Act.

### III. Discussion
### A. Summary Judgment

In the Summary Judgment Order, the Commissioner granted Producer's request to strike the Department's untimely answer and counter-affidavits in opposition to the summary judgment motion, but denied summary judgment. Producer asserts that in the absence of a response to its motion, the Department failed to point to any genuine issues of material fact. Therefore, Producer contends the Commissioner should have granted summary judgment.

The Department points out that the only evidence Producer submitted in support of summary judgment was Woodford's affidavit. Based on Borough of Nanty-Glo v. American Surety Co., 163 A. 523 (Pa. 1932) and its progeny, the Department argues the Commissioner could not grant summary judgment based solely on testimonial evidence from the moving party.

5

Contrary to the Department's argument, the <u>Nanty-Glo</u> rule does not apply to administrative proceedings. <u>Snyder v. Dep't of Envtl. Res.</u>, 588 A.2d 1001 (Pa. Cmwlth. 1991); <u>Peoples Nat. Gas Co. v. Pa. Pub. Util. Comm'n</u>, 554 A.2d 585 (Pa. Cmwlth. 1989). As this Court explained in <u>Snyder</u>, "because the purpose of the <u>Nanty-Glo</u> rule [is] to reserve questions of credibility for the jury, it [has] no application to an administrative proceeding in which the administrative law judge or administrative body serve[s] as the factfinder." <u>Snyder</u>, 588 A.2d at 1004 (citing <u>Peoples</u>).

This does not mean, however, that Producer was automatically entitled to summary judgment once the Commissioner struck the Department's untimely response to the summary judgment motion. Even in the absence of counter-affidavits, the moving party must still satisfy its burden of showing there are no genuine issues of material fact. <u>Id.</u>

Woodford's affidavit averred facts that, <u>if credited</u>, would support judgment in Producer's favor. Specifically, Woodford alleged facts negating the Department's accusations of conduct violative of the Act. Woodford asserted that the fees charged consumers in addition to commissions were service fees for helping consumers find insurers and procure policies, not illegal fees for completing insurance applications. <u>See</u> Section 674-A(b) of the Act (prohibiting fees for completing insurance applications). In relation to referral fees paid to vehicle salespersons, Woodford contended those fees were lawful because the referring persons did not discuss specific terms and conditions of insurance contracts with customers, and the referral fees did not depend on whether the customers purchased

insurance through Producer.[4]  See Section 672-A(b)(2) of the Act (imposing limitations on referral fees).

In the Summary Judgment Order, the Commissioner determined the affidavit did not eliminate questions of fact because Woodford's credibility remained at issue. Because credibility could only be tested in an evidentiary hearing, the Commissioner declined to grant summary judgment based solely on Woodford's affidavit. We agree with the Commissioner's conclusion that genuine issues of material fact precluded summary judgment for Producer in advance of an evidentiary hearing.

### B. Inconsistent Conclusions

Next, Producer argues that in the Application Fee Order, the Commissioner initially determined producers may charge fees in addition to commissions in personal/consumer transactions, but then contradicted that finding as applied to Producer. We discern no merit in this argument.

Concerning producers' collection of fees in addition to commissions, the Act provides: "A licensee may charge a fee in addition to a commission to a person for the sale, solicitation or negotiation of a contract of insurance for commercial business …." Section 674-A(a) of the Act (emphasis added). The Department takes the position that the specific authorization of fees for commercial business implicitly but clearly precludes such fees for consumers. This presented an

---

[4] A referral fee must also be "a one-time, nominal fee of a fixed dollar amount for each referral …." Section 672-A(b)(2) of the Act, 40 P.S. §310.72(b)(2). Producer's satisfaction of this requirement is undisputed.

issue of first impression before the Commissioner, Application Fee Order at 15, and as such, also presents an issue of first impression before this Court.

The Commissioner disagreed with the Department's assertion that the prohibition on consumer fees is clear from the face of the Act. The Department's own investigation revealed that other insurance agencies were charging additional fees to consumers. Id. at 18. The Commissioner observed: "While the implied prohibition seems clear to the Department, this evidence confirms that the provision is open to more than one interpretation." Id. Therefore, the Commissioner found the provision ambiguous. Id. Applying rules of statutory construction, the Commissioner determined the Act did not clearly prohibit charging fees to consumers in addition to commissions, and the Department never expressly advised insurance producers that it was construing the Act to include such a prohibition. Id. at 21.

Contrary to Producer's characterization, the Commissioner did not go on to conclude that the Department may not construe the Act to prohibit consumer fees. In fact, according deference to the Department's construction of the Act, the Commissioner expressly concluded: "Collecting additional fees for personal insurance transactions, other than legitimate broker fees that comply with [Section 671-A(b) of the Act,] 40 P.S. §310.71(b), is prohibited by [Section 674-A(a) of the Act]." Application Fee Order at 26 (emphasis added).

Under the circumstances, however, the Commissioner declined to penalize Producer for its past practice of charging fees in personal/consumer

8

insurance transactions. Instead, the Commissioner directed only that Producer cease imposing such fees in the future. Id. at 27. This limited directive was reasonable in addressing an issue of first impression, especially where the evidence revealed confusion among producers and lack of express notice by the Department of its position concerning fees permitted under the Act. The Commissioner's directive was also consistent with her analysis and conclusions concerning the fees permitted and prohibited by the Act.

### C. Prospective Fee Prohibition

In a related argument, Producer asserts that the Commissioner erred in ordering Producer to cease and desist imposing fees in personal/consumer insurance transactions, deferring to the Department's position "even though that position was and continues to be contrary to the [Act]." Pet'rs' Br. at 25. Producer argues the Commissioner "specifically held" that the Act permits additional fees in personal/consumer transactions. Id. Producer apparently suggests that the fees were legal in the past, and therefore they are legal going forward. This argument is without merit.

Producer appears to misconstrue the Commissioner's decision. The Commissioner did not hold that the Act permits additional fees in personal/consumer transactions. As discussed above, the Commissioner concluded the language of the Act is ambiguous on this point. After lengthy analysis, the Commissioner determined "the Department's interpretation of the [Act] is reasonable and constitutes a valid protection of insureds against unlimited and undefined fees in the personal insurance business." Application Fee Order at 26. Therefore, the

9

Commissioner concluded, "the Department's interpretation is entitled to deference." Id.

In light of the previous confusion among producers and competing policy considerations, however, the Commissioner properly exercised her discretion and declined to apply the Department's interpretation retroactively to penalize Producer for its past fee practices. Nonetheless, that did not preclude the Commissioner from determining that Producer's "current practice of collecting such fees must end." Id. at 27. Therefore, we uphold the Commissioner's prospective prohibition of fees in personal/consumer insurance transactions.

**D. Substantial Evidence**

The Commissioner is the ultimate finder of fact. Termini v. Dep't of Ins., 612 A.2d 1094 (Pa. Cmwlth. 1992). It is her duty to evaluate credibility, weigh evidence, and resolve evidentiary conflicts. Id. A reviewing court will not disturb the Commissioner's findings of fact as long as they are supported by substantial evidence. Prudential Prop. & Cas. Ins. Co. v. Dep't of Ins., 595 A.2d 649 (Pa. Cmwlth. 1991). Substantial evidence is such evidence as a reasonable mind would accept in support of a conclusion. Skotnicki v. Ins. Dep't, 146 A.3d 271 (Pa. Cmwlth. 2016), aff'd, 175 A.3d 239 (Pa. 2017). Evidence is insubstantial only when it is clearly so inadequate that a finding based on it is mere conjecture. Id.

Moreover, determinations of credibility are within the Commissioner's exclusive province. Id. Therefore, they are not subject to court review. Id.

10

Here, the Commissioner found Producer collected a fee related to completion of a consumer's insurance application, in violation of Section 674-A(b) of the Act. The Commissioner relied on two pieces of evidence in support of that finding. First, in a 2015 letter to the Department, an employee of Producer stated the $70 fee at issue "is a broker <u>application</u> fee …." Reproduced Record (R.R.) at 1253a (emphasis added). Second, in a 2015 Consumer Representation Agreement, Producer undertook to provide several listed services for a consumer, one of which was to "assist Consumer in the completion of any <u>application(s)</u> for insurance as may be necessary." R.R. at 1265a (emphasis added). In return, the consumer agreed to pay a $70 fee for "the representation and services" Producer would provide. <u>Id.</u> The Commissioner concluded these documents indicated the $70 fee Producer charged the consumer was related to completing an application.

Producer disputes this evidence and contends the Commissioner's finding was not supported by substantial evidence. We disagree.

Pointing to Woodford's affidavit and testimony, Producer argues the employee letter was incorrect and was sent out before Woodford could review it. The Commissioner, as the finder of fact, was entitled to reject this evidence from Woodford as not credible. <u>Skotnicki</u>.

Producer also posits that the letter's reference to a "broker application fee," R.R. at 1253a, could equally refer to an application for broker services rather than a fee for completing an insurance application. However, Producer does not point to any document of record purporting to be an application for broker services,

11

and indeed, does not aver that it ever used or charged for any such applications in its business. Moreover, the Consumer Representation Agreement expressly provided that the only fees the consumer would pay would be "an initial deposit for insurance and the fee for representation and services discussed in the paragraph above."[5] Id. Thus, the Commissioner could reasonably conclude that the employee letter's reference to a $70 fee alluded to the $70 fee associated with the Consumer Representation Agreement, which specifically included a provision for Producer's assistance with completion of insurance applications.

Regarding the Consumer Representation Agreement, Producer points to a provision stating the $70 fee related "solely to [Producer's] representation of Consumer in obtaining satisfactory insurance." Id. Producer insists this provision conclusively demonstrates that the $70 fee was not related to completion of an insurance application. However, as discussed above, a separate provision of the agreement stated the $70 fee was "for representation and services" listed in the agreement. Id. (emphasis added). Those "services" expressly included assistance in completing insurance applications. Id. The Commissioner could reasonably conclude that if the $70 fee related to "representation" but not "services," the agreement would not describe it as a "fee for representation and services." Id.

Producer also contends the parties' pre-hearing stipulation of facts conclusively demonstrated the lawfulness of the fee charged to each consumer.

---

[5] The Consumer Representation Agreement's reference to "the paragraph above," Reproduced Record (R.R.) at 1265a, is unclear. The immediately preceding paragraph does not relate to either representation or services. Id. The Commissioner could reasonably construe the reference as pertaining to all the services listed in several preceding paragraphs of the agreement.

12

Producer points to a stipulation that the fee "was collected from consumers before the application for insurance was prepared by the insurer." R.R. at 650a, 654a. According to Producer, this stipulated fact proves the fee was not compensation for completing an insurance application, because consumers paid it before the application was prepared. Contrary to Producer's assertion, charging a fee in advance of preparing an application does not logically preclude the possibility that the fee related to anticipated completion of the application.

Producer further argues the stipulation definitively established that the insurers, rather than Producer, always completed customer applications. However, the stipulation does not so state. Moreover, even if the insurers completed customer insurance applications, it does not necessarily follow that Producer did not charge customers a fee for a bundle of services that ostensibly included preparing applications.

Accordingly, we affirm the Commissioner's finding of a violation of Section 674-A(b) of the Act, as supported by substantial evidence.

Producer also suggests a single violation of the Act was de minimis. The Commissioner did not so find. She engaged in a lengthy analysis of aggravating and mitigating factors in determining the appropriate penalty for that single violation. Moreover, although only one written Consumer Representation Agreement reflecting an application fee was introduced in evidence, other evidence indicated it was a standard fee. Notably, the appearance of the written agreement was that of a form contract, not one that was individually negotiated.

13

## E. Penalties without Violations of the Act

Producer argues the Commissioner erred by imposing a fine and five years of Department supervision when Producer did not violate the Act. Specifically, Producer asserts that the Commissioner improperly issued a cease and desist order regarding violations of Section 672-A(b)(2) of the Act (regarding referral fees paid to vehicle salespersons), Section 674-A(a) of the Act (additional fees in consumer transactions), and Section 674-A(b) of the Act (additional fees for completing insurance applications), even though Producer did not violate any of these statutory provisions. We agree concerning Section 672-A(b)(2) of the Act, but disagree concerning Section 674-A(a) and (b) of the Act.

Producer correctly points out that the Commissioner did not find any violation of Section 672-A(b)(2) of the Act. See Application Fee Order at 15. Although the Commissioner concluded Producer may on one occasion have been careless in its compliance with referral limitations, that observation fell short of finding an actual violation. Id. That being the case, there was no basis on which to issue any sanction, including a cease and desist order, related to that provision of the Act.

By contrast, the Commissioner did find violations of Section 674-A(a) and (b) of the Act. As discussed in the foregoing two sections, we affirm those determinations. The Act authorizes various penalties, including a cease and desist order, where the Commissioner finds a violation of the Act. Section 691-A(d)(3) of the Act, 40 P.S. §310.91(d)(3). Thus, we conclude the Commissioner acted within

14

her authority in imposing the cease and desist order regarding violations of Section 674-A(a) and (b) of the Act.[6]

## F. Conduct Bearing on Worthiness for Licensure

In the Application Fee Order, the Commissioner concisely summarized the Department's arguments concerning Producer's worthiness for licensure:

> Based on its allegations that [Producer] violated the provisions of [Sections 674-A and 672-A(b)(2) of the Act,] the Department also charged [Producer] with demonstrating

---

[6] Producer does not expressly challenge the amount of the fine as excessive for a single violation of the Act. To the extent such a challenge is implicit in Producer's argument, "[w]e may not substitute our discretion for that of [the] Commissioner where [the] Commissioner has not manifestly abused [her] discretion in the assessment of a dollar penalty…." Gelinas v. Ins. Dep't, 365 A.2d 884, 886 (Pa. Cmwlth. 1976) (upholding imposition of maximum penalty for a single instance of misrepresenting the status of a competing insurer in order to sell a policy); see Wallace v. Ins. Dep't, 308 A.2d 162 (Pa. Cmwlth. 1973) (refusing to substitute court's judgment for Commissioner's regarding penalty of $14,705, although amount of fine disturbed court's sense of propriety where violation may have been an honest oversight).

Producer likewise does not challenge the five-year suspension as an excessive penalty. The Commissioner's Application Fee Order imposes a number of conditions during the period of the Department's supervision, including authorization to suspend Producer's insurance license, with no notice or prior hearing, if the Department unilaterally determines Producer has committed any further violation of the Act. In addition, although Producer may request a hearing after a suspension, the Commissioner's Application Fee Order purports to shift the burden of proof and require Producer to prove the absence of a violation in order to lift the suspension.

A catchall provision in Section 691-A(d)(4) of the Act, 40 P.S §310.91(d)(4), ostensibly empowers the Commissioner to impose any conditions she deems appropriate upon finding a violation of the Act. Nonetheless, despite the Commissioner's broad discretion in assessing penalties, the propriety of an order authorizing the Department to suspend a license without notice or a hearing is questionable, especially as the Act itself affirmatively requires notice and a hearing before any finding of a violation and before imposition of any penalty. See Section 691-A(a), (d) of the Act. The Commissioner's authority to shift the applicable burden of proof is also questionable. Moreover, the potential consequences of these two conditions of Department supervision seem particularly harsh in that they essentially arise from a single instance of charging an application fee. However, Producer has not challenged the conditions of supervision. Therefore, we do not address that issue.

15

'a lack of general fitness, competence or reliability sufficient to satisfy the Department that the licensee is worthy of licensure.' [Section 611-A(20) of the Act]. For the same reasons, the Department also charged that [Producer's] activities constituted an unfair insurance practice or fraud in violation of [Section 611-A(7) of the Act]. Furthermore, the Department charged that [Producer's] business practices included 'fraudulent, coercive or dishonest practices' and demonstrated [']incompetence, untrustworthiness or lack of financial responsibility in the conduct of doing business' in Pennsylvania or elsewhere in further violation of [Section 611-A(7) of the Act].

Application Fee Order at 28. Producer argues the Commissioner could not credit any of these charges by the Department in the absence of an underlying violation of Section 672-A or 674-A of the Act. We disagree for several reasons.

As discussed above, the Commissioner found Producer violated Section 674-A(a) and (b), and we affirm those determinations. Accordingly, the Commissioner was entitled to consider the Department's allegations of unworthiness for licensure.

Further, nothing in the language of Section 611-A(7) or (20) of the Act expressly provides that only a violation of some other section of the Act may constitute conduct suggesting unworthiness for licensure. As the Commissioner observed, she may consider all aggravating and mitigating factors in determining an appropriate penalty. Application Fee Order at 29 (citing In re Friedman, 457 A.2d 983 (Pa. Cmwlth. 1983); Romano v. Pa. Ins. Comm'r, 404 A.2d 758 (Pa. Cmwlth. 1979)). In weighing aggravating and mitigating circumstances to determine the appropriate penalty, the Commissioner properly considered conduct by Producer

16

that suggested lack of candor or reliability in Producer's dealings with the Department.[7] However, the Commissioner did not impose any separate penalty for any of the conduct allegedly demonstrating unworthiness for licensure pursuant to Section 611-A(7) or (20) of the Act.

Producer cites no authority limiting aggravating factors solely to the statutory violations themselves. Indeed, this Court implicitly rejected such a limitation in <u>Termini</u>, noting conduct not previously found violative of the Act could still demonstrate unworthiness for licensure: "Otherwise, even the most vile of acts would be beyond the Commissioner's sanction if the insurance agent involved were fortuitously the first to be caught for committing an act not specifically enumerated in the [Act] but which demonstrates unworthiness." <u>Termini</u>, 612 A.2d at 1096.

## IV. Conclusion

Based on the foregoing, we reverse the Commissioner's imposition of a cease and desist order regarding a violation of Section 672-A(b)(2) of the Act (concerning payment of referral fees) because the Commissioner found no violation of Section 672-A(b)(2) of the Act. We affirm the Commissioner's decision in all other respects.

_____
ROBERT SIMPSON, Judge

---

[7] For example, the Commissioner noted that during the Department's investigation, Woodford denied paying referral fees that he later admitted before the Commissioner. The Commissioner also concluded Woodford showed no remorse and took no responsibility for his lack of truthfulness. Application Fee Order at 30.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael William Woodford and    :
Options Insurance Agency,       :
                Petitioners   :   No. 1005 C.D. 2018
                          :
      v.                :
                          :
Pennsylvania Insurance Department,  :
                Respondent  :

# **O R D E R**

**AND NOW**, this 4th day of January, 2019, that portion of the cease and desist order imposed by the Pennsylvania Insurance Commissioner (Commissioner) in connection with a violation of Section 672-A(b)(2) of The Insurance Department Act of 1921, 40 P.S. §310.72(b)(2) (concerning payment of referral fees), is **REVERSED**. The Commissioner's decision is **AFFIRMED** in all other respects.

ROBERT SIMPSON, Judge